I write only to express my doubts as to the validity of the rule expressed by Judge Grady that, upon reviewing the failure of the trial court to give a defendant his right to allocution, the defendant-appellant must present to this court what he would have said to the trial court had he been granted his right to allocution. Judge Grady cites State v. Meyers, supra, as support. I admit I joined in that decision, but upon further consideration, I have doubts as to the validity of that rule. If we were to review the merits of the appellant's proffer of what he would have said to the trial court, we would, in effect, be inserting ourselves in the place of the trial court in making its decision for it. I believe the trial court has the right to make its own decision regarding the merits of whatever a defendant offers in allocution. Only the trial judge, not an appellate court, can observe the overall demeanor of the defendant in allocution, and this non-verbal component of the defendant's statement is the most important part of it. State v. Evans (1993), 67 Ohio St.3d 405, 410-411.
In Meyers, the defendant was allowed to make "a lengthy statement under oath." Id., 41. Similarly, in the case before us, McBride did make allocution-type statements in the portion of the transcript quoted in Judge Grady's opinion. For that reason, I am not dissenting but rather concurring in the judgment.
Finally, I would note that the trial court's reference to "bad time" was made on September 7, 1999, eight months before the Supreme Court announced the unconstitutionality of the "bad time" law in State ex rel. Bray v. Russell, supra. The trial court was only following the law as it existed at that time.
BROGAN, J., concurs in concurring opinion.